UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 705 Dean Martin, LLC, a Nevada Limited Liability Company, <br><br> Plaintiff <br><br> v. <br><br> Specialized Loan Servicing, LLC; et al., <br><br> Defendants | Case No.: 2:22-cv-01662-JAD-DJA <br><br><br> **Order Remanding Case to State Court** <br><br> [ECF Nos. 14, 15, 16] |

This case is yet another remnant of Nevada's foreclosure crisis in which real estate investors snapped up homes for pennies on the dollar after the owners defaulted on their homeowner-association assessments. Plaintiff 705 Dean Martin, LLC's predecessor in interest did just that in November 2012 when it purchased unit 705 at 4575 South Dean Martin Drive in Las Vegas, Nevada, for just $10,500 at an HOA foreclosure sale. The unit had been purchased five years earlier with a $349,000 loan secured by a deed of trust. When the purported holder of that note took steps to foreclose on that long-unpaid mortgage last year, and although the note holder had prevailed after years of title litigation in state court, the LLC filed this new quiet-title action. It theorizes that the foreclosure can't go forward because (1) the deed of trust was extinguished by operation of Nevada Revised Statute (NRS) 106.240, which conclusively presumes that a lien is automatically extinguished ten years after the debt it secures becomes wholly due, and (2) the foreclosure trustee violated various provisions of NRS Chapter 107.

The LLC filed this action in state court, naming as defendants Specialized Loan Servicing, LLC ("SLS," the deed-of-trust beneficiary and a Delaware limited-liability company with Australian citizenship based on its membership) and National Default Servicing

Corporation ("NDSC," the Arizona corporation with its principal place of business in Arizona, serving as the bank's foreclosure trustee).[1] SLS removed this case to federal court based on diversity jurisdiction, asserting that the parties are diverse.[2] The plaintiff LLC moves to remand, arguing that it has both an Australian member and an Arizonan member, destroying diversity. Because I find that diversity is lacking, I grant the motion to remand, deny as moot all remaining motions without prejudice, and send this case back to the state court.

## Analysis

**A.     The plaintiff LLC and the foreclosure-agent defendant NDSC are not diverse.**

Because 705 Dean Martin is a Nevada limited liability company, for jurisdictional purposes it is a citizen of every state in which its members are citizens.[3] The LLC's complaint, originally filed in Nevada state court, is silent about its citizenship.[4] The LLC alleges only that it "is a Nevada Limited Liability Company," omitting any detail about its members and their citizenship that would permit the defendants or this court to determine this entity's citizenship for jurisdictional purposes.[5] The parties do not dispute that SLS is a citizen of Australia based on its membership and that National Default Servicing Corporation (NDSC) is an Arizona corporation and citizen of Arizona.[6] Although the burden of establishing federal jurisdiction is

---

[1] ECF No. 1 (removal petition).

[2] *Id*. at 2.

[3] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Curiously, the defendants acknowledge this rule in their petition for removal when explaining how they arrive at SLS's citizenship, while superficially asserting that 705 Dean Martin is a Nevada citizen because it is a Nevada LLC. ECF No. 1 at 2.

[4] ECF No. 5 (complaint).

[5] *Id*. at 1.

[6] *See id.* at ¶ 2; ECF No. 16 at 2 (motion to remand).

on the removing defendant[7] and an LLC's place of organization is not relevant to its citizenship for diversity purposes, the defendants represented in their removal petition that the parties are completely diverse because 705 Dean Martin "is a Nevada limited liability company"; NDSC "is an Arizona corporation with its principal place of business in Arizona"; and SLS, by virtue of the citizenship of its member, is an Australian citizen.[8]

The plaintiff LLC acknowledges in its motion to remand that it is a citizen of Nevada—because it has one member that is a Nevada corporation.[9] But the LLC points out that it has six other members, too, including an Australian individual and an Arizona corporation,[10] making the LLC a citizen of Australia and Arizona as well.[11] So it contends that this court should remand this case back to state court and award it the attorney fees and costs associated with this motion. The defendants respond that this membership claim seems dubious because the complaint mentions nothing about these members or when they joined the LLC, and the defendants urge the court to compel the LLC to prove these interests with the company's operating documents.[12] They add that NDSC is a nominal or fraudulently joined defendant whose Arizonan citizenship should be disregarded here.[13]

---

[7] *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)), *amended by* 387 F.3d 966 (9th Cir. 2004).

[8] ECF No. 1 at 2.

[9] *See Johnson*, 437 F.3d at 899.

[10] ECF No. 16 at 5–6.

[11] *See Johnson*, 437 F.3d at 899.

[12] ECF No. 26 at 7–9 (opposition to motion to remand).

[13] *Id*. at 5.

No party disputes that a limited liability company is a citizen of all states in which its members are citizens.[14] The plaintiff LLC has established by the affidavit of its manager Rohinton T. Aresh that, at the time this case was filed, one of this LLC's members was Arizona Dreaming, Inc.[15] Aresh provides a true and correct copy of Arizona Dreaming, Inc.'s articles of incorporation, which reflect that the entity is an Arizona for-profit corporation with its place of business in Phoenix, Arizona.[16] Because a corporation is a citizen of any state in which it is incorporated or has its principal place of business,[17] and this record establishes that, for Arizona Dreaming, Inc., that state is Arizona, this member of 705 Dean Martin, LLC is a citizen of Arizona—and so is the LLC.

**B.    The possibility that a state court would find that the plaintiff LLC states a claim against NDSC requires remand.**

Because the LLC is a citizen of Arizona, this plaintiff is not diverse from defendant NDSC, which represented in its removal petition that it, too, "is an Arizona corporation with its principal place of business in Arizona."[18] The presence of an Arizonan plaintiff and Arizonan

---

[14] *Johnson,* 437 F.3d at 899.

[15] ECF No. 16-1 (Aresh affidavit).

[16] ECF No. 16-4 at 2.  Defendants argue that "Provision of a self-serving affidavit and a copy of a citizenship document does not demonstrate the domicile of the purported Arizona and Australian members" and that the plaintiff "should be required to provide evidence of the date the purported members joined [the LLC] and evidence establishing domicile."  ECF No. 26 at 8.  The plaintiff LLC did provide that evidence—Aresh affirms that all of these members were part of the LLC at the time this case was filed.  ECF No. 16-1 at 2, ¶ 7.  And the organizational document he provided and authenticated for Arizona Dreaming, Inc. establishes this entity's state of incorporation and, apparently, sole place of business, both of which are Arizona.  This evidence, like all evidence that a party might offer in its favor, may be "self-serving"; but the defendants have offered no authority to suggest that it should be disregarded in this evaluation.

[17] 28 U.S.C. § 1332(c)(1).

[18] ECF No. 1 at 3, ¶ c.

4

defendant ordinarily destroys diversity and deprives this court of jurisdiction over state-law claims like these. But courts must ignore the citizenship of sham or nominal defendants when evaluating for diversity. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity," if the plaintiff fails to state a claim against that defendant "and the failure is obvious according to the settled rules of the state."[19] The standard is lower than plausibility: "if there is a *possibility* that a state court would find that the complaint states a cause of action against" the non-diverse defendant, "the federal court must find that the joinder was proper and remand the case to the state court."[20]

      NDSC contends that its citizenship must be disregarded because it is either a nominal or fraudulently joined defendant.[21] The goal of this case, it argues, is to extinguish the deed of trust so that the lender can't foreclose; NDSC, as merely the foreclosure trustee, thus "has no stake in the outcome."[22] The plaintiff responds that, as the foreclosure trustee, NDSC is essentially the gatekeeper at the foreclosure sale because NRS 107.080(1) confers the power of sale on it alone, and the LLC prays for injunctive relief to stop NDSC from exercising that power.[23] So the LLC has shown that NDSC is more than a nominal defendant. NDSC adds that the LLC's NRS Chapter 107 claim is "untenable" because the allegation that only NDSC could execute the

---

[19] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

[20] *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

[21] ECF No. 26 at 5.

[22] *Id.* at 6.

[23] ECF No. 31 at 3 (reply in support of motion to remand).

required affidavit of authority is false.[24]  The LLC retorts that NRS 107.080(8) authorizes certain damages for violations of the trustee's statutory obligations, and it alleged in the complaint that NDSC committed such violations by preparing and filing a notice of default although the debt secured by the deed of trust had been discharged as a matter of law.[25]

I and several other judges on this court have repeatedly rejected the regurgitated and factually thin theories on which the LLC's claims against NDSC are based.[26]  The standard, however, is not whether I find these claims without merit but whether "there is a *possibility* that a state court would find that the complaint states a cause of action against" NDSC.[27]  The glut of copycat cases that have been removed in the last year has revealed that some state-court judges are buying the theories that the LLC is selling here.  For example, in *ARNS Fund, LLC v. MTC Financial, Inc.*, I remanded an action in which the state-court judge, before removal, had concluded that the plaintiff had a "reasonable likelihood of success on the merits" of similar claims and thus enjoined the foreclosure sale.[28]  Before 705 Dean Martin's claims were removed, they were proceeding before the very same state-court judge that made that finding in *ARNS*.  I thus cannot say that there is no possibility that a state court would find that this complaint states a cause of action against NDSC.  So, as the Ninth Circuit instructed in *Grancare LLC v. Thrower*

---

[24] ECF No. 26 at 6.

[25] ECF No. 31 at 3; *see also* ECF No. 1-1 at 4, ¶ 22.  Because I find that diversity is lacking based on the Arizona citizenship of the LLC and NDSC, I need not and do not reach the question of whether the LLC is also an Australian citizen.

[26] *See* ECF No. 14 at 13–14.

[27] *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).

[28] *ARNS Fund, LLC v. MTC Financial, Inc.*, 2022 WL 17177861, *2 (D. Nev. Nov. 22, 2022).

*by and through Mills*, I "must find that the joinder was proper and remand the case to the state court."[29]

### C.      An award of fees and costs is not warranted.

Although I find that this case must be remanded for want of subject-matter jurisdiction, I do not award the plaintiff fees or costs for an improper removal. The LLC argues that, "[a]s a result of SLS'[s] actions," it "has incurred costs and attorneys' fees in order to return this case back to the Eighth Judicial District Court where it belongs."[30] But the plaintiff alone could have avoided an unwarranted removal had it properly pled the membership facts on which it now moves to remand. By sandbagging the defendants with those details only after removal, the plaintiff all but ensured that they would remove this case. So I find that such an award is unwarranted because this street-crossing exercise was entirely avoidable.

The plaintiff's failure to follow the local rules for such an award is a second reason to deny this request. Local Rule 54-14 requires a party who seeks an award of attorney fees to provide a long list of items supporting the request, including an affidavit from the billing attorney and an itemization of the requested fees.[31] Local Rule 54-14(c) states that the "[f]ailure to provide" all of those items "may be deemed a consent to the denial of the motion."[32] Because the LLC did not supply any of this required information, I deem that failure its consent to deny the motion, and I do so.

---

[29] *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).
[30] ECF No. 16 at 9.
[31] Local Rule (L.R.) 54-14.
[32] L.R. 54-14(c).

**Conclusion**

IT IS THEREFORE ORDERED that the motion to remand **[ECF No. 16] is GRANTED. The Clerk of Court is directed to REMAND this case back to the Eighth Judicial District Court, Case No. A-22-858133-C, Dept. No. 5, and CLOSE THIS CASE.**

And because this ruling moots all pending motions in this court, IT IS FURTHER ORDERED that all remaining motions **[ECF Nos. 14 and 15] are DENIED as moot and without prejudice to their refiling in state court**.

_____
U.S. District Judge Jennifer A. Dorsey
February 9, 2023

8